# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BROWN, | 1:07-cv-00739-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| WHICTER, et. al., | (Doc. 1) |
| Defendants. | |

## I. SCREENING ORDER

Plaintiff Sean Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on May, 21, 2007. (Doc. 1.)

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is currently housed at California Correctional Institution ("CCI") in Tehachapi, California – where the acts he complains of occurred. Plaintiff names four Defendants: Associate Warden M. Whicter; CCII B. Chavarria; Captain W. Nelson; and CCI T. Jones. Plaintiff seeks monetary damages. Plaintiff's allegations are premised on his being denied a job with the "Institutions's Fire Department."

Plaintiff fails to state a cognizable claim, but may be able to amend to correct the deficiencies in his pleading. Plaintiff does not specifically delineate which of his constitutional rights he feels were violated, but he does state near the beginning of his allegations that he filed "an ADA complaint." (Doc. 1 ¶ 3.) Thus, the Court assumes Plaintiff intends to pursue a claim under Title II of the Americans with Disabilities Act. Plaintiff is being given what appears to be the applicable standard(s) and leave to file a first amended complaint.

Plaintiff is advised that Federal Rule of Civil Procedure 8(a)'s "simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible and refrain from any legal argument and/or citations. He should merely state which of his constitutional rights he feels were violated by each defendant and its factual basis.

### C. Title II of the Americans with Disabilities Act (ADA)

In his chronology of events, Plaintiff appears to complain about actions by the classification committees that prevented him from obtaining placement in a prison job with the Institution's Fire Department.

In Roundtree v. Adams CV-F-01-6502-OWW-SMS-P, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA. (Roundtree, Court Doc. 117.) In the opinion, Judge Wanger stated:

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . . "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); *accord* Miller v. King, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . . Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.) Accordingly, Plaintiff does not state a cognizable ADA claim against any of the Defendants – all of whom are individuals.

Further, to establish violation of Title II of ADA, Plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. Lowell v. Chandler, 303 F.3d

1    1039, 1052 (9th Cir. 2002) *cert. denied*, 537 U.S. 1105 (2003).

2           To state a claim under the ADA, a Plaintiff must show that he or she is "disabled" within
3    the meaning of the ADA – i.e. his or her condition must "substantially limit" a major life activity.
4    *See* 42 U.S.C. § 12102(1) (defining disability); 42 U.S.C.A. § 12102 (1)(A) (a disability is
5    defined as a physical or mental impairment that substantially limits one or more major life
6    activities); 42 U.S.C.A. § 12102 (2)(A) (major life activities include, but are not limited to,
7    caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing,
8    lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating,
9    and working); and Nuzum v. Ozark Auto. Distribs., Inc., 432 F.3d 839, 846-48 (8th Cir.2005)
10   ("substantially limited" means limited considerably or to large degree; to assess substantiality of
11   limitation, nature, severity, duration, and impact must be examined).  Plaintiff fails to show that
12   his hypertension qualified him as "disabled" within the meaning of the ADA.  Even if Plaintiff
13   establishes an ADA-qualifying disability, he must also establish whether he could have
14   performed the essential functions of the position in question.  *See* Alexander v. Northland Inn,
15   321 F.3d 723, 727 (8th Cir.2003) (ADA plaintiff has burden to prove he can perform essential
16   functions of job with reasonable accommodation); Dropinski v. Douglas County, 298 F.3d 704,
17   709-10 (8th Cir.2002) (job restructuring is possible accommodation under ADA, but employer
18   need not reallocate or eliminate essential functions of job).  Plaintiff appears to allege that in
19   June of 2006 he passed the physical and written exam, but he makes no allegations to address
20   whether he was capable of performing the essential functions of the position at the time he
21   allegedly was denied the position, which was almost a year later in March of 2007.  He also fails
22   to allege what if any reasonable accommodation(s) could be made to accommodate his disability
23   so as to facilitate his employment.  Thus, Plaintiff fails to state a cognizable claim for relief under
24   the ADA.

25          Finally, a prisoner has no constitutional right to a particular classification status, *see*
26   Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), and prisoners have no constitutional right to
27   employment, Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).  Accordingly, absent a
28   motive that implicates constitutional concerns, Plaintiff's inability to obtain a job working for the

Institution's Fire Department does not give rise to a claim for relief.  Plaintiff has not alleged facts that indicate a motive that would implicate constitutional concerns was behind his inability to obtain the job he desired.  To the contrary, Plaintiff alleges that the reasons given for his being denied the desired position were that he did not have enough time, (Doc. 1 ¶ 19) and if he was placed in that position, his health might be placed at risk due to Plaintiff's high blood pressure, the strenuous nature of the position, and the unavailability of the level of medical care Plaintiff needed.  (Id. at pp. 13-14).  It even appears that, placing Plaintiff in the position he desired might have resulted in exposing Plaintiff to a serious health risk.  Thus, Plaintiff fails to state a cognizable claim for his classification status and/or the effect it had on his employment by the Institution's Fire Department.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See* Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original

complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); *accord* Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 2, 2009**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE